[Cite as *State v. Thomas*, 2012-Ohio-964.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

:

STATE OF OHIO
    Plaintiff-Appellee        :    C.A. CASE NO. 24515

vs.                           :    T.C. CASE NO. 2010-CR-2293

                             :    (Criminal Appeal from
DASHAWN THOMAS               Common Pleas Court)
    Defendant-Appellant     :

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, Kirsten A. Brandt,
Assistant Prosecuting Attorney, Atty. Reg. No. 0070162, Montgomery
County Courts Building, P.O. Box 972, 301 West Third Street, Dayton,
OH 45422
    Attorneys for Plaintiff-Appellee

Thomas R. Schiff, Atty. Reg. No. 0039881, 500 Lincoln Park Blvd.,
Suite 216, Kettering, OH 45429
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Dashawn Thomas, appeals from his conviction and sentence following a jury trial.

{¶ 2} On August 19, 2010, a Montgomery County grand jury indicted Defendant on one count of aggravated robbery (deadly weapon), R.C. 2911.01(A)(1), with a firearm

specification, R.C. 2929.14 and 2941.145, and one count of having a weapon while under disability, R.C. 2923.13(A)(1). On September 24, 2010, pursuant to a "B" indictment, a grand jury indicted Defendant with two counts of complicity to commit aggravated robbery, R.C. 2911.01(A)(1) and (3), and two counts of complicity to commit felonious assault, R.C. 2903.11(A)(1) and (3), all with firearm specifications, R.C. 2929.14 and 2941.145.

{¶ 3} Defendant was tried to a jury on the six counts contained in the "A" and "B" indictments. At trial, Defendant was represented by court-appointed counsel. At the conclusion of the three-day trial, the jury returned guilty verdicts on all counts and specifications. On February 14, 2011, the trial court sentenced Defendant to a total prison term of ten years. The court also ordered Defendant to pay restitution in the amount of $185.00. Defendant filed a timely notice of appeal from the trial court's order, raising the following assignment of error:

{¶ 4} "WHETHER THE REPRESENTATION OF MR. THOMAS WAS INEFFECTIVE, THEREBY REQUIRING THAT THE JURY VERDICT AND JUDGMENT OF THE TRIAL COURT BE VACATED."

{¶ 5} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance fell below an objective standard of reasonable representation, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Hindsight is not permitted to distort the assessment

of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992).

{¶ 6} To show that a defendant has been prejudiced by counsel's deficient performance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 7} Defendant argues generally that the representation he received at trial "was plagued with several recurring themes," including "a lack of organization/preparation," "incoherent rambling and a demonstrated inability to ask meaningful or probative questions," and "an overall lack of professional decorum toward opposing counsel, Judge O'Connell and the jury." (Brief, p. 5.) In particular, Defendant argues that his trial counsel forgot Defendant's name in closing argument, "launch[ed] into several disorganized and incoherent rants" during closing argument, "demonstrated an inability to properly ask meaningful and probative questions of witnesses during both direct and cross examination," "took a very cavalier" and "haphazard approach" during the voir dire phase of the trial, and acted unprofessionally during a sidebar with opposing counsel and the trial judge. (Brief, p. 6-9.)

{¶ 8} As noted above, we are charged by *Strickland* to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." We have reviewed the trial transcript and do not believe that Defendant has shown that the performance of his trial counsel fell below an objective standard of reasonable representation.

{¶ 9}  Further, even if Defendant's counsel had failed to perform at the requisite level of reasonable representation, Defendant cannot prevail on his ineffective assistance of counsel claim unless he shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*.

{¶ 10} Defendant speculates that the alleged deficiencies of his trial counsel could have harmed Defendant's prospects at trial, but fails to identify any basis on which to find that he would not have been found guilty, but for the alleged errors of his trial counsel. Consequently, Defendant's claim of ineffective assistance of counsel must fail.

{¶ 11} The assignment of error is overruled.  The judgment of the trial court will be affirmed.

FAIN, J., And FROELICH, J., concur.

**Copies mailed to:**

**Kirsten A. Brandt, Esq.**
**Thomas R. Schiff, Esq.**
**Hon. Timothy N. O'Connell**